1

2

3

4

5

6

7

8

9

10

11

12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARION REENE ROBAIR,

                Plaintiff,

    v.

CAROLYN W. COLVIN, Acting Commissioner
of Social Security,

                Defendant.

Case No. C15-5423-RAJ

**ORDER REVERSING AND
REMANDING CASE FOR
FURTHER ADMINISTRATIVE
PROCEEDINGS**

13

14

15

16

17

18

19

20

     Marion Reene Robair seeks review of the denial of her application for Supplemental

Security Income ("SSI") and Disability Insurance Benefits ("DIB").  Ms. Robair contends the

ALJ harmfully erred by rejecting the medical opinion of Christopher Coppeans, M.D.  Dkt. 7.

Ms. Robair argues that this error resulted in a residual functional capacity ("RFC") determination

that failed to account for all of her limitations.  *Id.*  Ms. Robair requests that this matter be

reversed and remanded for further administrative proceedings.  Dkt. 7 at 1.  As discussed below,

the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further

administrative proceedings under sentence four of 42 U.S.C. § 405(g).

21

**BACKGROUND**

22

23

     In March 2010 and December 2010 respectively, Ms. Robair applied for SSI and DIB

alleging disability as of January 21, 2010.  Tr. 13, 182-83, 193-99.  Ms. Robair's applications

ORDER REVERSING AND REMANDING
CASE FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 1

1   were denied initially and on reconsideration.  Tr. 13, 39, 76-98, 100-01.  After the ALJ

2   conducted a hearing on October 22, 2013 the ALJ issued a decision finding Ms. Robair not

3   disabled from the alleged onset date through the date of the decision.  Tr. 13-23.

4                              **THE ALJ'S DECISION**

5       Utilizing the five-step disability evaluation process,[1] the ALJ found:

6       **Step one:**  Ms. Robair has not engaged in substantial gainful activity since January 21,
        2010, the alleged onset date.

7

8       **Step two:**  Ms. Robair has the following severe impairments: right knee degenerative
        joint disease, status post total knee replacement; mild lumbar degenerative disc disease;
        bilateral de Quervain's tenosyvitis, and elevated body mass index.

9

10      **Step three:**  These impairments do not meet or equal the requirements of a listed
        impairment.[2]

11      **Residual Functional Capacity:**  Ms. Robair can perform less than the full range of
        sedentary work which is defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a) as work that

12      involves lifting no more than 10 pounds at a time.  She is limited to unskilled work and
        she is able to use her hands frequently for fine manipulation.  She can perform jobs that

13      allow her to avoid concentrated exposure to extreme cold, vibration, and hazards.  She
        can perform jobs that never require her to kneel, crouch, or climb ladders, ropes, or

14      scaffolds.

15      **Step four:**  Ms. Robair cannot perform past relevant work.

16      **Step five:**  As there are jobs that exist in significant numbers in the national economy that
        Ms. Robair can perform, she is not disabled.

17

18  Tr. 13-28.  The Appeals Council denied Ms. Robair's request for review making the ALJ's

    decision the Commissioner's final decision.  Tr. 2-6.[3]

19                              **DISCUSSION**

20  **A.      Christopher Coppeans, M.D.**

21

22  ─────────────────────────
    [1] 20 C.F.R. §§ 404.1520, 416.920.
23  [2] 20 C.F.R. Part 404, Subpart P. Appendix 1.
    [3] The rest of the procedural history is not relevant to the outcome of the case and is thus omitted.

    ORDER REVERSING AND REMANDING
    CASE FOR FURTHER ADMINISTRATIVE
    PROCEEDINGS - 2

1        In general, more weight should be given to the opinion of a treating physician than to a

2    non-treating physician and more weight should be given to the opinion of an examining

3    physician than to a nonexamining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996).

4    Where contradicted, the opinions of treating or examining physicians may not be rejected

5    without "specific and legitimate reasons supported by substantial evidence." *Id.* at 830-31

6    (quotation and citation omitted).

7        Dr. Coppeans is a treating physician who opined that Ms. Robair should perform no

8    repetitive bending, that her "knee pain prevents her from standing for more than 2 hours or

9    lifting more than 10 pounds" and that her "back pain prevents her from sitting more than 2

10   hours." Tr. 296, 299-300. He also found that a "custom off loader knee brace should alleviate

11   the lifting and standing restrictions." Tr. 300. Ms. Robair argues that the ALJ erred in rejecting

12   Dr. Coppeans' opinion that she is unable to sit for more than two hours. Dkt. 7 at 3. The Court

13   agrees.

14       The ALJ rejected Dr. Coppeans' opinion for several reasons. The Commissioner

15   concedes that many[4] of the reasons proffered by the ALJ for rejecting Dr. Coppeans' opinion are

16   invalid but contends that two of the reasons are valid and that the ALJ's inclusion of the invalid

17   reasons is harmless. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir.

18   2008) (an error is harmless where it is inconsequential to the ultimate nondisability

19   determination). Specifically, the Commissioner contends that the ALJ properly discounted Dr.

20   Coppeans' opinion that Ms. Robair was unable to sit for more than two hours because he found

_____

[4] The Commissioner concedes that not all of the ALJ's reasons for rejecting Dr. Coppeans'
opinion were legally sufficient, "including that Dr. Coppeans did not perform an examination on
the date of the opinion; that checking the box, "sedentary work," is inconsistent with the
limitations; that a knee brace would alleviate all restrictions, including for sitting; and that knee
replacement surgery (in February 2013) was successful." Dkt. 8 at 4.

ORDER REVERSING AND REMANDING
CASE FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 3

1    "the ability to sit for six hours in an eight-hour workday (rather than for only two hours)" is

2    consistent with (1)"[Ms. Robair's] overall treatment record," and (2) "reports of daily activities."

3    Dkt. 8 at 4 (referring to Tr. 24).  However, the Court agrees with Ms. Robair that the

4    Commissioner's argument is based on a misreading of the ALJ's decision and that the ALJ fails

5    to set forth specific and legitimate reasons for rejecting Dr. Coppeans' opinion.  Dkt. 9 at 3.

6           First, the ALJ does not rely on consistency with the overall treatment record and reported

7    daily activities as reasons for rejecting Dr. Coppeans' opinion.  Rather the ALJ misinterpreted

8    Dr. Coppeans' opinion and relies on the overall treatment record and reported daily activities to

9    support that misinterpretation.  Specifically, the ALJ states that she "accords significant weight

10   to Dr. Coppeans' opinion that the claimant is capable of sedentary work, *which would include*

11   *the ability to sit for six hours in an eight-hour workday* throughout the relevant period because it

12   is consistent with her overall treatment record as well as with her reports of daily activities."  Tr.

13   24 (emphasis added).  However, as the Commissioner acknowledges, Dr. Coppeans did not

14   opine that Ms. Robair could sit for six hours in an eight-hour day, but limited her ability to sit to

15   two hours.  Dkt. 8 at 4 (the ALJ "misread Dr. Coppeans' opinion regarding the definition of

16   sedentary work").[5]  Thus, a plain reading of the ALJ's decision demonstrates that the ALJ did

17   not, as the Commissioner suggests, reject Dr. Coppeans' opinion as inconsistent with Ms.

18   Robair's overall treatment record or daily activities.  Rather, the ALJ misinterpreted Dr.

19

20   [5] The Commissioner acknowledges that the ALJ improperly rejected Dr. Coppeans' opinion that
     Ms. Robair was unable to sit for more than two hours as internally inconsistent with the finding
     that she was capable of sedentary work.  Dkt. 8 at 4.  Dr. Coppeans' opinion regarding sedentary

21   work is limited to the lifting and carrying requirements of up to five pounds frequently and 10
     pounds occasionally, and does not extend to the walking and sitting requirements of sitting for

22   approximately six hours of an eight-hour day and standing or walking for no more than two
     hours of an eight-hour day.  Tr. 299; *see* 20 C.F.R. 202.1527(a), 416.967(a); SSR 83-10; *and see*

23   *Tackett v. Apfel*, 180 F.3d 1094, 1103 (9th Cir. 1999) ("'Sedentary work' contemplates work that
     involves the ability to sit through most or all of an eight hour day.").

ORDER REVERSING AND REMANDING
CASE FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 4

1    Coppeans' opinion and relied on the overall treatment record and reports of daily activities to

2    support that misinterpretation.

3            Second, even if the ALJ's decision could be interpreted (as the Commissioner suggests)

4    to reject Dr. Coppeans' opinion as inconsistent with the overall treatment record and Ms.

5    Robair's reported daily activities, these reasons are not specific, legitimate and supported by

6    substantial evidence.  Inconsistency between a treating provider's opinion and a claimant's daily

7    activities may constitute a specific and legitimate reason to discount that provider's opinion.  *See*

8    *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014).  However, this principle has no

9    application where "a holistic review of the record does not reveal an inconsistency between the

10   treating providers' opinions and [the claimant's] daily activities."  *Id.*  The Commissioner cites to

11   several activities as supposedly inconsistent with Ms. Robair's inability to sit for more than two

12   hours including her ability to care for her son, prepare meals, shop, clean her house for 30-45

13   minutes, engage in "a lot" of walking, and to use public transportation.  Dkt. 8 at 4-5, Tr. 26.

14   However, while some of these activities may be relevant to Ms. Robair's walking and standing

15   abilities they are not inconsistent with Ms. Robair's ability or inability to sit for more than two

16   hours.

17           With respect to the overall treatment record, the Commissioner points out that the ALJ

18   specifically noted "minimal" objective findings on x-ray, MRI, and range of motion testing of

19   Ms. Robair's lumbar spine.  Dkt. 8 at 5.  An ALJ may reject a physician's opinion of the level of

20   impairment as unreasonable by listing specific examples of other evidence in the record that

21   undermines the opinion.  *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir.

22   1999).  Moreover, an ALJ need not accept a medical opinion that is "brief, conclusory and

23   inadequately supported by clinical findings."  *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir.

ORDER REVERSING AND REMANDING
CASE FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 5

2002).  However, the reference to these "minimal" findings on tests, without more, does not specifically contradict, or render unreasonable, Dr. Coppeans' opinion that Ms. Robair is unable to sit for more than two hours.  *See Embrey v. Bowen*, 849 F.2d 418, 422-23 (9th Cir. 1988) ("To say that medical opinions are not supported by sufficient objective findings or are contrary to preponderant conclusions mandated by objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim.  The ALJ must do more than offer his conclusions.  He must set forth his own interpretations and explain why they, rather than the doctors', are correct.").  Here, the ALJ does not explain why his conclusions, rather than Dr. Coppeans', are correct.

Moreover, the MRI report the ALJ refers to does show some objective findings.  Specifically, the report indicates that the L4-L5 disc is degenerated and while there is no significant thecal sac compromise it also indicates that increased "T2" signal in an area of the disc bulge "likely represents a small annular defect or tear."  Tr. 311.  The report also indicates that "there is encroachment upon the right neural foramen, with possible crowding of the exiting right L5 nerve root a consideration in the appropriate clinical setting."  *Id.*  Finally, as Ms. Robair notes, she also had positive findings on straight leg raise testing related to her lumbar spine.  Dkt. 9 at 3, Tr. 345, 350.

Thus, even accepting the Commissioner's interpretation as valid, these activities and findings do not constitute specific and legitimate reasons supported by substantial evidence for rejecting Dr. Coppeans' opinion.

The Commissioner also argues that the ALJ's findings are supported by other medical opinions.  Dkt. 8 at 6-7.  However, the ALJ does not specifically cite to other medical opinions as a basis for rejecting Dr. Coppeans' opinion.  As such, the Commissioner's argument

ORDER REVERSING AND REMANDING
CASE FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 6

constitutes an improper post-hoc rationalization which the Court cannot rely upon in order to affirm the ALJ. *See Bray v. Comm'r, Soc. Sec. Admin.*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (Court is constrained to review the ALJ's decision "based on the reasoning and factual findings offered by the ALJ – not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking.").

Accordingly, the ALJ erred in rejecting Dr. Coppeans' opinion that Ms. Robair is unable to sit for more than two hours. This error is harmful because the limitation is not included in the RFC and the jobs identified at step five require the ability to sit at the sedentary level. Tr. 27. Thus, the error is consequential to the ultimate nondisability determination. *See Carmickle*, 533 F.3d at 1162. On remand, the ALJ should reevaluate Dr. Coppeans' opinion with respect to Ms. Robairs' sitting limitation.

**B.    Remand for Further Proceedings**

Ms. Robair contends that this matter should be remanded for further administrative proceedings. Dkt. 7 at 1. Remand for further proceedings is appropriate as there is conflicting evidence which must be reweighed and resolved by the ALJ. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014) (remand for additional proceedings, rather than an award of benefits, is appropriate "[w]here there is conflicting evidence, and not all essential factual issues have been resolved … ").

**CONCLUSION**

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

On remand, the ALJ should reevaluate Dr. Coppeans' opinion with respect to Ms.

1    Robair's sitting limitation, reassess and determine the RFC and obtain vocational expert

2    testimony at step five if appropriate.

3

4            DATED this 13th day of April, 2016.

5

6

7            The Honorable Richard A. Jones
             United States District Court

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

ORDER REVERSING AND REMANDING
CASE FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 8